## HUSCH v. PARMIGIANI et al.

### (Supreme Court, Special Term, New York County.)

**ELECTIONS—PRIMARY ELECTIONS—RECANVASS—JUDICIAL REVIEW.**

> Under Primary Election Law, Laws 1898, p. 356, c. 179, § 12, conferring on the court the right to review by mandamus or certiorari or in a summary manner the action of primary election inspectors, etc., on complaint of any citizen, the court has jurisdiction to review the action of primary election inspectors, set aside a canvass, and direct a recanvass.

Petition by George S. Husch against Joseph Parmigiani and others, constituting the board of primary election inspectors, and John T. Dooling and others, constituting the board of election, to set aside a primary election canvass and to compel a recanvass. Granted.

This is an application made to set aside the returns of the canvass made by the board of Republican primary inspectors of the Eleventh and Twelfth election districts of the First assembly district of New York county, and for the court or one of the justices thereof to adjudge the true result, and to that end order the board of election to produce, before the court or one of the justices thereof, the returns as filed by said board of inspectors, and the ballot box

or boxes containing the ballots voted at said primary election, and also the package containing the void and protested ballots, and, further, that said board of inspectors be directed to reconvene and make and sign a true statement of the result, and forthwith file the same, and that the board of election be directed to canvass the corrected statement to be made by the said board of primary inspectors, and correct their canvass in accordance therewith, and issue a certificate of election to the person lawfully entitled thereto. Objection was made to the jurisdiction of the court to entertain the proceeding.

Hoadley, Lauterbach & Johnson, for petitioner.
Florence J. Sullivan, for respondents.

SEABURY, J. Section 12 of the primary election law (Laws 1898, p. 356, c. 179) clearly imposes upon the court, upon the complaint of any citizen, the duty of reviewing the action or neglect "of any inspector of primary election or of any public officer or board, with regard    *    *    *    to any right given to or duty prescribed for any elector, political committee, political convention, officer or board." In such a case the statute provides that such action or neglect shall be reviewable not only by mandamus or certiorari, but that in addition to these remedies the Supreme Court or any justice thereof within the judicial district "shall have summary jurisdiction." The statute also provides that:

"In reviewing such action or neglect the court, justice or judge shall consider, but need not be controlled by, any action or determination of the regularly constituted party authorities upon the questions arising in reference thereto, and shall make such decision and order as, under all the facts and circumstances of the case, justice may require."

The court has given full consideration to the returns of the inspectors of the primary election, the statements contained in the affidavits presented by the petitioner, and those presented in the answering affidavits, and has concluded that justice requires that the board of inspectors should immediately reconvene and adjudge the true result, and make and file a statement of the result as so adjudged, and issue certificates to those lawfully elected.

The board of inspectors having reconveyed, and the ballot boxes being opened in the presence of the court, and the ballots counted, the court rendered the following opinion:

SEABURY, J. In this proceeding the ballots cast at the Republican primary election in the Fifth, Sixth, Eleventh, and Twelfth election districts of the First assembly district were recounted. The result discloses an extraordinary condition of affairs. The ballot box for the Fifth election district was found to be empty, and the ballots that it should have contained were placed in the ballot box of the Sixth election district. The returns made by the inspectors were shown to be grossly false. In the four election districts specified the inspectors' returns gave to the petitioner 31 votes; whereas, a recount shows that he was entitled to 132 votes. The returns gave the petitioner's opponent 251 votes; whereas, in fact, he was entitled to only 124 votes. This condition should be inquired into by the grand jury, and I therefore

instruct the attorney for the petitioner to bring these facts to the attention of the district attorney of the county.

The motion made by the petitioner is granted.